UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

REN YUAN DENG,

        **Plaintiff,**

    - against -

NEW YORK STATE OFFICE OF MENTAL
HEALTH, et al.,

        **Defendants.**

**OPINION AND ORDER**

13-CV-6801 (ALC) (RLE)

**RONALD L. ELLIS, United States Magistrate Judge:**

*Pro se* Plaintiff Ren Yuan Deng ("Deng") brings this action pursuant to 42 U.S.C. § 1983, Title VII of the Civil Rights Act of 1964 ("Title VII"), the Family and Medical Leave Act ("FMLA"), and the New York Labor Law. Following a September 3, 2015 conference, Defendants were ordered to submit to the Court for *in camera* review all documents for which they are asserting privilege. (Doc. No. 83.) Having reviewed Defendants' submissions, the Court finds that Defendants' assertion of privilege is **DENIED** in part and **GRANTED** in part.

Documents 1 through 16 are a series of emails exchanged by some of the named Defendants in the action and other employees of Defendant New York State Office of Mental Health discussing "options" concerning Deng's employment, specifically: "computer access and supervisory issues," "notice of interrogation and potential staff moves," "whether time off was authorized," "notice of discipline options and other personnel actions," "discipline and unauthorized leave." (Defendants' Privilege Log.) Defendants assert that these documents are protected from discovery under the deliberative process and executive privileges because they "reveal recommendations made to assist in the governmental decision-making process."

(Defendants' Memorandum of Law in Support of their Assertion of Privilege ("Defs.' Mem.") at 1.)

"The deliberative process privilege exists when communications are both (1) predecisional and (2) deliberative." *Marisol A. by Forbes v. Giuliani*, 95 Civ. 10533 (RJW), 1998 U.S. Dist. LEXIS 3719, at *18 (S.D.N.Y. Mar. 23, 1998) (citations omitted). A predecisional document is one that is "prepared in order to assist an agency decisionmaker in arriving at his decision." *Hopkins v. United States Dep't of Housing & Urban Dev.*, 929 F.2d 81, 84 (2d Cir. 1991) (internal quotation omitted). A deliberative document is one that is "actually [] related to the process by which policies are formulated." *Id.* (internal quotation omitted). However, to find that a document qualifies for the privilege the Court must "balance the agency's interest in non-disclosure against the 'public interest in opening for scrutiny the government's decision-making process." *MacNamara v. City of New York*, 04 Civ. 9216 (KMK) (JCF), 2007 U.S. Dist. LEXIS 17478, at *30 (S.D.N.Y. Mar. 14, 2007) (quoting *Resolution Trust Corp. v. Diamond*, 137 F.R.D. 634, 642 (S.D.N.Y. 1991). "Particularly in a civil rights action," the public's interest in "challenging discrimination" is overriding, and the privilege must yield. *Torres v. City University of New York,* 90 Civ. 2278 (CSH), 1992 U.S. Dist. LEXIS 18546, at *25 (S.D.N.Y. Dec. 3, 1992).

The deliberative process privilege does not apply. Here, the Defendant agency was acting in its capacity as an employer rather than as a governmental body formulating "important public policy." *See id.* at 24, citing *EPA v. Mink*, 410 U.S. 73 (1973). The documents at issue relate to an ordinary employment decision, not any "process by which policies are formulated." *See Hopkins*, 929 F.2d at 84. Moreover, Defendants' interest in non-disclosure does not outweigh that of the public to know. Deng alleges that certain adverse employment decisions were made with discriminatory intent. "Direct evidence of discriminatory intent is rarely available and,

2

therefore, civil rights plaintiffs are entitled to probe for circumstantial evidence of intent." *Torres,* 1992 U.S. Dist. LEXIS 18546, at *11. Thus, the deliberative process privilege does not apply to Documents 1 through 16.

Defendants allege that Documents 17 and 18 are additionally protected by the attorney-client privilege. (Def.'s Memo at 3.) They allege that these emails "reflect[] a desire to consult counsel's office, and provide[] information to counsel, although [they] do not contain any written responses from counsel's office." (*Id.*) The Court agrees that the attorney-client privilege applies. A party may invoke the privilege when the documents at issue are seeking legal advice from a legal advisor, and the communications related to that purpose are made in confidence by the client, unless the protection has been waived. *Martin v. Valley Nat'l Bank,* 140 F.R.D. 291, 304 (S.D.N.Y. 1991) (citing 8 John Henry Wigmore, *Evidence,* § 2292 (McNauton rev. 1961)). I find that Documents 17 and 18 fall under the attorney-client privilege.

## CONCLUSION

**IT IS HEREBY ORDERED THAT**

(1) Defendants shall produce Documents 1 through 16 from their privilege log to Deng because the deliberative process privilege does not apply.

(2) Documents 17 and 18 are protected by the attorney-client privilege and so Defendants may withhold their production.

**SO ORDERED this 18th day of November 2015**
**New York, New York**

_____
**The Honorable Ronald L. Ellis**
**United States Magistrate Judge**

**MAILED BY CHAMBERS**

3